IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEORGES BENAMOU; DOMINIQUE IFERGAN; and MICHELLE TUSTES**, | § § § § | |
| Plaintiffs, | § | |
| v. | § | Civil Action No. **3:16-CV-401-L** |
| | § | |
| **WELLS FARGO BANK NATIONAL ASSOCIATION**, *as Trustee for Carrington Mortgage Loan Trust, Series 2007-FRE1, Asset-Backed Pass-Through Certificates,* | § § § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Amended Motion for Summary Judgment (Doc. 13), filed July 8, 2016; and the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), entered by United States Magistrate Judge Renée Harris Toliver on February 20, 2017 (Doc. 20). For the reasons herein explained, the court **accepts** the findings and recommendation of the magistrate judge, **grants** Defendants' Motion for Summary Judgment (Doc. 49), enters judgment in favor of Defendant on its equitable subrogation counterclaim, and **dismisses with prejudice** Plaintiffs' claims against Defendants. The court also **dismisses without prejudice** all other claims, defenses, and relief requested by Defendant in this action, such that judgment can be entered in its favor on the claims adjudicated, as requested by Defendant.

**I.   Procedural and Factual Background**

This mortgage foreclosure action pertains to real property ("Property") located at 6050 Burgundy Road, Dallas, Texas, 75230. The action was originally brought by Plaintiffs Georges

Benamou ("Benamou"), Dominique Ifergan, and Michelle Tustes (collectiviely, "Plaintiffs") against Defendant Wells Fargo, N.A. ("Defendant" or "Wells Fargo") in state court on September 15, 2015. In their Original Petition, Plaintiffs allege that the 2006 lien obtained in connection with a 2006 home equity loan on the Property is unenforceable because of the expiration of applicable statute of limitations, constitutional violations, and fraud in the execution of the 2006 home equity loan. Plaintiffs seek relief in the form of a declaratory judgment that the 2006 lien is unenforceable, attorney's fees, and costs. Wells Fargo removed the case to federal court on October 19, 2015, based on diversity jurisdiction.

On October 30, 2015, Wells Fargo filed its Original Answer, asserting equitable subrogation and other affirmative defenses. On February 8, 2016, Wells Fargo filed its Original Counterclaim against Plaintiffs, alleging fraud, fraudulent inducement, and contractual indemnity theories to recover on the 2006 lien obtained in connection with the 2006 home equity loan. For relief, Defendant requests that Plaintiffs take nothing in this suit, and that the 2006 Deed of Trust be declared valid and enforceable. Alternatively, Defendant requests that it be awarded:

> (1) a lien by equitable subrogation against the Property in the amount of $248,951.94, plus interest accruing from the date of the payoff; (2) a declaration that Benamou is personally liable for the debt secured by the 2006 Deed of Trust; and (3) actual damages, including a judgment against Benamou, Tustes and Ifergan awarding Wells Fargo damages in an amount equal to any principal and interest payments Wells Fargo is required to forfeit, plus attorney's fees and costs and (4) such other and further relief to which Wells Fargo shows itself to be justly entitled.

Def.'s Orig. Counterclaim. 8-9. After this court remanded the action for lack of subject matter jurisdiction and the parties conducted jurisdictional discovery, Wells Fargo removed the case again to federal court on February 12, 2016.

**Memorandum Opinion and Order - Page 2**

On March 28, 2016, before a scheduling order was entered by the court, Defendant moved for summary judgment. On July 8, 2016, Defendant amended its summary judgment motion. Defendant's summary judgment motion addresses only its equitable subrogation counterclaim and all of Plaintiffs' claims.[1]

On February 5, 2017, the magistrate judge entered her Report, recommending that the court grant Wells Fargo's summary judgment motion, dismiss with prejudice Plaintiffs' claims, and enter judgment in favor of Wells Fargo on its equitable subrogation counterclaim. Plaintiffs filed objections to the Report on February 20, 2017, to which Wells Fargo responded on February 23, 2017.

## II.     Plaintiffs' Objections to the Magistrate Judge's Report and Request to Amend Their Pleadings

In their objections, Plaintiffs take issue only with the magistrate judge's recommendation that Defendant is entitled to judgment on its equitable subrogation counterclaim. With respect to this claim, Plaintiffs object and contend as follows:

**Objection to Failure to Find that October 27, 2004 Lien was Legal**

> Defendant's equitable subrogation claim depends on a lien a prior lien [sic] being legal (see p. 10 of [Report]). Nowhere in the Defendant's Motion for Summary Judgment nor the [Report] is the legality of the prior lien at issue established. This leaves open a factual issue to be decided before an entitlement to equitable subrogation is found. To the extent that such an [sic] challenge to the prior lien is not

---

[1] In a proposed order filed in connection with its summary judgment motion, Defendant requests that it be awarded a lien by equitable subrogation against the Property in the amount of $248,951.94. In accordance with the terms of the October 27, 2004 Deed of Trust, Defendant further requests that it be awarded interest on this amount at a rate of 6% per annum from September 6, 2006 (the date that $248,951.94 of the proceeds of the 2006 home equity loan was used to pay off the prior 2004 home equity loan), through foreclosure. In addition, Defendant requests that it be allowed to pursue nonjudicial foreclosure in accordance with the October 27, 2004 Deed of Trust.

**Memorandum Opinion and Order - Page 3**

>   a part of Plaintiffs' pleadings, Plaintiffs should be allowed to amend such pleading
>   to make such a challenge as equitable subrogation was not made by Defendant until
>   it filed a counterclaim simultaneous to removing the case to Federal Court.

Pls.' Obj. 1-2.

Plaintiffs' objection pertains to the magistrate judge's legal conclusion that equitable subrogation claims in Texas are considered valid "even when the property is a homestead and the refinance in question was unconstitutional, so long as loan funds were used to pay off a valid lien." Report. 9-10 (citing *LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007)); *see also* Def.'s Summ. J. Br. 12 ("In . . . *LaSalle*, the Texas Supreme Court 'honored equitable subrogation claims against homestead property when a refinance, even though unconstitutional, was used to pay off valid liens.'") (quoting *Id.* at 619-20).  In the context of equitable subrogation, the term "valid liens" refers to the payment of "pre-existing, constitutionally valid liens." *See id.* at 620.

In support of its summary judgment motion, Defendant presented a copy of the 2004 "Texas Home Equity Security Instrument (First Lien)," Def.'s App. 96-106, which forms the basis of its claim that, even assuming that the 2006 home equity loan is unconstitutional as contended by Plaintiffs, it is entitled to step into the 2004 original lienholder's shoes and enforce the lien against Plaintiffs to the extent the 2006 home equity loan was used to pay off the 2004 loan.  The 2004 lien is constitutionally valid on its face.  Defendant also presented evidence that $248,951.94 of the proceeds of the 2006 home equity loan was used to pay off the 2004 home equity loan and lien.[2] In response to Plaintiffs' objections, Defendant contends, and the court agrees, that the 2004 "Texas Home Equity Security Instrument (First Lien)" is constitutionally valid on its face.  *See id.*  The

---

[2] The undisputed evidence establishes that $375,000 was loaned to Benamou in August 2006, and that $248,951.94 of this amount was used to pay off the 2004 home equity loan that was secured by a lien on the Property.

**Memorandum Opinion and Order - Page 4**

court, therefore, concludes that, contrary to Plaintiffs' assertion, Defendant satisfied its summary judgment burden of coming forward with evidence on its equitable subrogation claim to establish that a portion of the 2006 home equity loan was used to pay off the constitutionally valid 2004 lien. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (holding that summary judgment is appropriate "[i]f the moving party can show that there is no evidence whatever to establish one or more essential elements of a claim on which the [non-movant] has the burden of proof"). Consequently, the burden shifted to Plaintiffs to raise a genuine dispute of material fact regarding the invalidity of the 2004 lien.

In their summary judgment response brief, which was only three pages in length, Plaintiffs argued that Defendant's equitable subrogation claim failed for other reasons, which were rejected by the magistrate judge. This portion of the Report was not objected to by Plaintiffs, and as correctly noted by Defendant, Plaintiffs' argument that Wells Fargo did not meet its summary judgment burden of establishing the validity of the 2004 lien or its contention that the 2004 lien is not legal or valid was raised for the first time in Plaintiffs' objections to the Report, although the issue was "teed up" by the summary judgment motion and evidence. "[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) (citing *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir.1994)). Thus, Plaintiffs' filing of objections to the Report in this case does not entitled them to present new arguments or defenses that were not included in response to Wells Fargo's summary judgment motion.

Moreover, the basis for Plaintiffs' belief that the 2004 lien to be invalid is unclear, as they provide no details of the manner in which they would "challenge" the lien if allowed to amend their

**Memorandum Opinion and Order - Page 5**

pleadings to respond to Defendant's equitable subrogation counterclaim. Pls.' Obj. 1-2. The only explanation offered by Plaintiffs for their prior failure to "challenge" the lien is that "equitable subrogation was not made by Defendant until it filed a counterclaim simultaneous to removing the case to Federal Court." Pls.' Obj. 1-2. Plaintiffs' contention in this regard, however, is belied by the docket and record in this case. Equitable subrogation was raised as a defense by Defendant in its Original Answer, filed October 30, 2015, before the case was removed to federal court the first time. Although Defendant asserted equitable subrogation as a counterclaim in a later pleading on February 8, 2016, Plaintiffs never filed an answer to this or any of the matters in Defendant's Original Counterclaim. As a result, there is nothing for Plaintiffs to amend. Additionally, the removal of this case to federal court the second time on February 12, 2016, did not cutoff Plaintiffs' right to file an answer or responsive pleading to the counterclaim, and Plaintiffs provide no plausible reason for their delay in seeking leave to file an out-of-time answer to address the counterclaim.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires." Leave to amend under Rule 15, however, is not without limitation, and is "by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). The generous standard under Rule 15 must instead be "tempered by the necessary power of a district court to manage a case." *Id.* (citation omitted). The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted). A request to amend late in a lawsuit has "a significant tendency to disrupt trial proceedings." *Little*, 952 F.2d at 846. Thus, if the delay in seeking leave to amend is "particularly egregious," the movant has the burden of demonstrating that the delay was attributable to "oversight, inadvertence or excusable neglect." *Id.* (citing *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981)).

As noted, Plaintiffs did not file an answer to Defendant's equitable subrogation counterclaim, so there is nothing to amend. Even if there were, there is no doubt that Plaintiffs' delay in seeking leave to amend their pleadings in this case is "particularly egregious." *See Little*, 952 F.2d at 846. As noted above, Plaintiffs waited more than one year and until after the magistrate judge issued her findings and recommendation on Defendant's summary judgment motion and equitable subrogation claim before seeking leave to amend, while at the same time offering no information as to how they would amend to challenge the validity of the 2004 lien. As a result, the court cannot ascertain whether any such filing, whether in the form of an amended complaint or an original answer to Defendant's equitable subrogation counterclaim, would be futile. Additionally, their explanation for not seeking leave earlier is at best a "weak cup of tea." Thus, Plaintiffs have not demonstrated that the delay was attributable to "oversight, inadvertence or excusable neglect, and the court determines that allowing Plaintiffs as this late juncture to file an amended complaint or file an answer to Wells Fargo's counterclaim would unnecessarily delay the resolution of this litigation." *See id.*

Further, while a district court may, in its discretion, consider additional evidence brought to its attention in objections to the magistrate judge's report, "[l]itigants may not . . . use the magistrate judge as a mere sounding-board for the sufficiency of the evidence." *Freeman*, 142 F.3d at 852

(citing 28 U.S.C. § 636(b)(1)); *see also Performance Autoplex II Ltd. v. Mid-Continent Cas. Co.*, 322 F.3d 847, 862 (5th Cir. 2003) (setting forth factors for the district court to consider in determining whether to accept additional evidence after a magistrate judge's recommendation has been issued, including: "(1) the moving party's reasons for not originally submitting the evidence; (2) the importance of the omitted evidence to the moving party's case; (3) whether the evidence was previously available to the non-moving party when it responded to the summary judgment motion; and (4) the likelihood of unfair prejudice to the non-moving party if the evidence is accepted."). Here, Plaintiffs did not present any new evidence to support their vague "challenge" to the validity of the 2004 lien, and they fail to explain why they were unable to come forward with such evidence in response to the summary judgment to challenge the validity of the 2004 home equity lien. *See id.* The 2004 lien was signed by Benamou and Nataliya Benamou, so any information regarding the invalidity of the lien should have been within their knowledge and available to them. *Id.*

### III. Conclusion

Having reviewed the motion, evidence, pleadings, record in this case, and Report, and having conducted a de novo review of the portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Thus, for the reasons stated, the court **concludes** that no genuine dispute of material fact exists with respect to Wells Fargo's equitable subrogation counterclaim or Plaintiffs' claims based on constitutional violations, fraud, and limitations and request for declaratory relief to invalidate the 2006 lien, and that Wells Fargo is entitled to judgment as a matter of law on these claims. The court, therefore, **grants** Defendant's Motion for Summary Judgment (Doc. 13), and **dismisses with prejudice** Plaintiffs' claims and request for declaratory relief against Wells Fargo.

Wells Fargo is entitled to and shall recover on its claim for equitable subrogation, such that Wells Fargo, and its successors or assignees, shall have an equitable lien against the Property in the amount of **$248,951.94**, plus interest at the rate of **6%** per annum from September 6, 2006, through foreclosure, in accordance with the terms of the "2004 Texas Home Equity Security Instrument (First Lien)," otherwise referred to herein as the "2004 Deed of Trust" or "2004 lien," that was executed by Georges D. Benamou and Nataliya Benamou on October 27, 2004.

Although Wells Fargo did not move for summary judgment on its other counterclaims or affirmative defenses, it requested that the court overrule Plaintiffs' objections and enter a final judgment in its favor on its equitable subrogation claim in accordance with the magistrate judge's Report. *See* Def.'s Resp. to Pls.' Obj. 3.  From this, the court concludes that Wells Fargo seeks entry of a final judgment on the parties' claims addressed in its summary judgment motion and dismissal without prejudice of its other requests for relief. Accordingly, the court **dismisses without prejudice** all other claims, defenses, and relief requested by Wells Fargo in this action, such that judgment can be entered in its favor on the claims adjudicated.[3]  Pursuant to Rule 58 of the Federal Rules of Civil Procedure, judgment will be entered by separate document in favor of Wells Fargo on its equitable subrogation counterclaim and Plaintiffs' claims and request for declaratory relief.

**It is so ordered** this 27th day of February, 2017.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[3] As previously noted, Wells Fargo included language in its proposed order that was filed in support of its summary judgment motion, which would give it the right to pursue nonjudicial foreclosure with respect to the Property; however, there is no request for relief in this regard in its pleadings.  Thus, the court does not address whether the 2004 Deed of Trust entitles it to foreclose on the Property using nonjudicial foreclosure procedures.